## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release made this 23 day of November, 2020, by and between the plaintiff, Hua "Alice" Zhang ("Ms. Zhang"), on the one hand, and the defendant, University of Maryland, College Park (hereinafter the " University"), on the other hand (collectively the "Parties").

## RECITALS

WHEREAS, on November 22, 2019, Ms. Zhang filed suit against the University in the United States District Court for the District of Maryland, captioned *Hua "Alice" Zhang v. Board of Trustees, University of Maryland, College Park*, Civil Action No. 8:19-cv-03354-PJM (the "Lawsuit"), alleging disability and national origin discrimination against the University of Maryland, when she worked in the Smith School of Business IT Department;

WHEREAS, on October 5th, 2020, a Settlement Conference was held, and both parties and their counsel attended.

WHEREAS, the University denies any and all liability for the claims asserted by Ms. Zhang; and

WHEREAS, to avoid the uncertainty and expense of further litigation, Ms. Zhang and the University desire to resolve fully and finally all issues and disputes between them involving the matters alleged in the Lawsuit,;

NOW, THEREFORE, in consideration of the foregoing recitals and for other good and valuable consideration as is more fully described below, Ms. Zhang and the University agree as follows:

## AGREEMENT

A.   The parties to this Settlement Agreement and Release ("Settlement Agreement") are Ms. Zhang and the University. Except for the parties released by this Settlement Agreement, no other person or entity shall be deemed a third-party beneficiary of this Settlement Agreement.

B.   This Settlement Agreement applies to, is binding upon, and inures to the benefit of Ms. Zhang (Ms. Zhang's successors and assigns) and the University (and its successors, assigns, and designees).

C.	This Settlement Agreement shall not constitute an admission or evidence of any fact, wrongdoing, misconduct, or liability on the part of the University, the State of Maryland, or any other person affiliated with the State of Maryland or the University.

D.	Each undersigned representative of the Parties to this Settlement Agreement certifies that he or she is fully authorized by the Party to enter into and execute the terms and conditions of this Settlement Agreement and to legally bind such Party to this Settlement Agreement.

E.	This Settlement Agreement is the entire agreement between Ms. Zhang and the University in this case. This Settlement Agreement constitutes the complete, final, and entire understanding of the Parties hereto, and they shall not be bound by any terms, conditions, covenants, or representations not expressly herein contained. To the extent this Settlement Agreement references other documents, those documents are referenced for informational purposes only and are not thereby incorporated by reference into, and do not constitute a part of, this Settlement Agreement. All prior conversations, meetings, discussions, drafts, and writings of any kind are specifically superseded by this Settlement Agreement.

F.	This Settlement Agreement shall be construed without regard to any presumption or other rule requiring construction against the party causing the Settlement Agreement to be drafted.

G.	This Settlement Agreement may be executed in any number of counterpart originals, each of which shall be deemed to constitute an original agreement, and all of which shall constitute one agreement. The execution of one counterpart by any Party shall have the same force and effect as if that Party had signed all other counterparts.

H.	Subject to the approval of the Maryland Board of Public Works, and identification of available appropriated funds, as provided in sub-paragraphs (1) – (2) below, the State of Maryland (the "State") shall pay to Ms. Zhang the sum of Two Hundred Thousand Dollars ($200,000.00) (the "Settlement Amount") to settle and compromise all claims for damages, attorneys' fees and costs released herein in the form of a check payable to Hua Zhang and Kalbian Hagerty, LLP, which will be sent to the Law Firm of Kalbian Hagerty, LLP at the address 888 17th Street, N.W., Suite 1000, Washington, D.C. 20006 to the attention of Eric Siegel. The parties agree that the Settlement Amount is allocated as follows: $48,000.00 for back pay; $16,000.00 for non-economic damages; and $136,000.00 for reimbursement of Ms. Zhang's attorneys' fees and costs (of which $70,000 is allocated to Zipin, Amster & Greenberg, LLC, and $66,000 is allocated to Kalbian Hagerty, LLP).

1. The University shall promptly submit this Settlement Agreement, after it is fully executed and after the revocation period referenced in Section L below has expired, to the Maryland Board of Public Works under the policies of the Board of Public Works.

2. The obligation of the University, under this Settlement Agreement to make payment of the Settlement Amount set forth in this Paragraph H is subject to: (1) approval by the Board of Public Works; and (2) the identification by the State of funds to satisfy the Settlement Amount. If the Board of Public Works rejects the payment of the Settlement Amount by the State under this Settlement Agreement, or if the State provides notice to Ms. Zhang that it has been unable to identify funds to satisfy the Settlement Amount, Ms. Zhang shall have the right to prosecute her claims against the University as though this Settlement Agreement had never been entered into.

I. Ms. Zhang acknowledges and agrees that she is and will be solely and entirely responsible for the payment and discharge of all federal, state, and local taxes which may, at any time, be found to be due as a result of the payment of the Settlement Amount and, the University and the State make no representation as the tax consequences or tax treatment of the Settlement Amount. She further acknowledges that the State may withhold taxes and other required payroll deductions for the amount of the Settlement Amount allocated as back pay, as specified in paragraph H. Ms. Zhang further agrees to indemnify and hold the University and the State harmless from any claim or liability for any such taxes and related penalties and/or interest in the event that such taxes, penalties, and/or interest are assessed against the University or the State by the U. S. Internal Revenue Service or any other taxing authority.

J. In addition to paying the Settlement Amount, the Parties agree on the following:

1. The Parties agree that Ms. Zhang's employment with the University commenced on August 16, 1999, and is deemed to have continued without interruption to the present. Ms. Zhang's dates of service have been confirmed in a separate letter, dated October 7, 2020, from the University, which shall be placed in Ms. Zhang's official personnel file and which Ms. Zhang shall be free to disclose to others, and Ms. Zhang agrees that the provision of such letter resolves this issue. Notwithstanding paragraph E above, this letter dated October 7, 2020, shall be incorporated by reference into this Settlement Agreement.

      2.      The University agrees to withdraw and rescind the following personnel actions, and they shall have no force or effect in connection with Ms. Zhang's continued employment with the University and future employment, and Ms. Zhang's official personnel file will so reflect:

    i. The letter of counseling issued on September 1, 2017;
    ii. A written reprimand issued on September 14, 2017;
    iii. The five-day suspension issued on October 13, 2017; and
    iv. The Termination charge issued on December 15, 2017.

      3.      The Parties agree and acknowledge that all grievances Ms. Zhang filed against the University and/or any of the University's employees are fully resolved and dismissed.

## RELEASE

      K.      Upon payment of the Settlement Amount, in full and final settlement of Ms. Zhang's claims, the Parties agree that the following release of claims shall become effective:

Ms. Zhang, being of lawful age, for herself and any claiming through her, or her heirs, executors, administrators and assigns, do hereby release, acquit and forever discharge the University and the State of Maryland, as well as their respective successors and assigns, departments, divisions, units, current and former officials, current and former officers, current and former agents, current and former servants, current and former representatives, current and former employees and current and former independent contractors and any and all other persons, associations, corporations and government entities, whether or not named herein or referenced, who together with the Defendant may be jointly or severally liable to Ms. Zhang (the "Releasees"), from all claims, demands, actions, causes of action, suits, damages, losses, attorneys' fees and expenses of each and every kind, type or nature whatsoever, whether known or unknown, raised in the Lawsuit, which could have been raised in the Lawsuit, or which relate in any way to the matters alleged in the Lawsuit or to Ms. Zhang's employment with the University, including but not limited to: alleged violations of federal, state, and local laws and University policies and procedures, any claims of discrimination on the basis of race, color, sex, national origin, religion, handicap, disability, or medical conditions of any kind, perceived or real, or retaliation; any rights or claims under the Americans with Disabilities Act and/or Rehabilitation Act and/or Title VII of the Civil Rights Act,

as amended; the Maryland Wage and Hour Law, the Maryland Wage Payment and Collection Law, the Fair Labor Standards Act, potential claims under the Age Discrimination in Employment Act (29 U.S.C. § 621, *et seq.*) and the Older Workers' Benefit Protection Act (29 U.S.C. § 626(f));  or any claims alleging tort or breach of contract, including but not limited to claims for emotional distress, defamation, and wrongful termination. This Release includes, but is not limited to, a release of all claims asserted in all grievances Ms. Zhang has filed against the Releasees, and to any and all claims of any nature whatsoever, known or unknown, through the date of this Settlement Agreement.

L. The Older Workers Benefit Protection Act (the "OWBPA") requires that certain disclosures be made and that certain rights be afforded employees as a condition of waiving claims under the Age Discrimination in Employment Act of 1967, as amended.

   1. Ms. Zhang acknowledges that she has been adequately informed of the following protections required by law:

      i. That this Agreement contains a release of certain claims, including a release of claims under the Age Discrimination in Employment Act; and

      ii. That the Agreement does not apply to claims that may arise after the Effective Date of the Agreement.

   2. Ms. Zhang acknowledges that she has been provided a period of twenty-one (21) days from her receipt of this Agreement to sign and deliver this Agreement to the University or its attorneys, although Ms. Zhang may choose to sign and deliver this Agreement sooner.  By signing this Agreement, Ms. Zhang expressly acknowledges that her decision to do so was made voluntarily and of her own free will.

   3. Ms. Zhang understands that she may revoke this Agreement at any time up to and including seven (7) days after her execution of this Agreement, and that this Agreement shall not become effective until the expiration of seven (7) days from its execution.  Any revocation pursuant to the terms of this Agreement must be in writing and delivered within this seven-day period to counsel for the University, Christopher B. Lord, Assistant Attorney General, Deputy Chief Counsel, Educational Affairs Division, 200 Saint Paul Place -- 17th Floor, Baltimore, MD 21202, with a copy delivered by email to clord@oag.state.md.us.

   4. Ms. Zhang acknowledges that she has been advised by the University that she should consult with an attorney of her own choosing concerning the terms of

this Agreement before she executes it, and that she has consulted with her counsel, Eric Siegel, Esq., about the Agreement.

M.    Ms. Zhang acknowledges that no representation of fact or opinion has been made by the University to induce this compromise with respect to the extent or nature of any injuries or damages or as to the likelihood of future complications, or recovery therefrom, and that the consideration set forth herein is solely by way of compromise of the disputed claims, and to foreclose all possibility of any future claims based upon acts, errors or omissions which occurred prior to the date of this Settlement Agreement, whether known or unknown, and that in determining said consideration, there has been taken into consideration the fact that unexpected consequences may result, known or unknown, and it is therefore, specifically agreed that this Settlement Agreement shall be a complete bar to all claims or suits for injuries or damages of whatsoever nature relating to the matters that were alleged, or that could have been alleged, in the Lawsuit, or that relate to the incident or incidents giving rise to the Lawsuit or to Ms. Zhang's employment with the University up to and including the date the Settlement Agreement is executed by the parties.

N.    Within seven business days after receipt of the Settlement Amount as set forth in Section H, Ms. Zhang shall dismiss the Lawsuit with prejudice.  Until that time, the parties shall jointly file a request to the Court to stay the Lawsuit pending the occurrence of the events and decisions reflected in paragraph H.

O.    Ms. Zhang hereby covenants and agrees not to sue any person, firm, corporation, association or government entity for any claims, demands, damages, actions, causes of action or suit at law or in equity, of whatever kind or nature, whether known or unknown, suspected or unsuspected, existing now or to arise in the future, arising out of or relating, in any way, to the matters that were alleged, or that could have been alleged, in the Lawsuit, or that relate to the incident or incidents giving rise to the Lawsuit or to Ms. Zhang's employment with the University up to and including the date the Settlement Agreement is executed by the parties.

P.    Ms. Zhang covenants and agrees for herself, her successors, administrators and assigns, to indemnify and save any of the University and/or Releasees harmless if they are found to be liable to pay anyone as a result of any suit initiated by or through Ms. Zhang, or on her behalf, demanding the same or similar damages claimed by Ms. Zhang against the University in the Lawsuit, and to pay on behalf of the University and/or Releasees, reasonable attorneys' fees, court costs, or other reasonable costs of litigation which they may incur in any case, cross claim, or third party claim filed as a consequence

of Ms. Zhang filing suit against any person or entity not released herein demanding the same or similar damages claimed in the Lawsuit.

      Q.      Ms. Zhang, for herself, her successors, administrators and assigns, covenants and agrees to execute such instruments, documents or further assurances as may be necessary to carry out Ms. Zhang's obligations hereunder, including the waiver or release of any verdict or judgment entered in favor of Ms. Zhang and against someone other than the University and/or Releasees by the amount of any verdict or judgment said person or entity obtains against any of the University and/or Releasees for indemnification or contribution.

      R.      Ms. Zhang acknowledges that it is her responsibility to satisfy any and all liens, known and unknown, arising out of said incident and cases.

      S.      This Agreement is governed by, and interpreted according to, the laws of the State of Maryland without regard to conflict of laws principles.

      T.      This Settlement Agreement may not be modified or changed orally, but only by an agreement in writing signed by all parties.

      U.      The Parties represent that prior to signing this Settlement Agreement, each has read it, understood its terms and conditions, consulted with counsel, and voluntarily signed it.

FOR THE PLAINTIFF:

Hua "Alice" Zhang

_____      11/9/2020
Plaintiff                                       Date

FOR THE DEFENDANT:

UNIVERSITY OF MARYLAND, COLLEGE PARK

*[signature: Carlo Colella]*

Name: Carlo Colella

Title: Vice President Administration & Finance

Date: Nov 23, 2020

Approved for legal sufficiency:

*[signature]*

Christopher B. Lord
Assistant Attorney General